**UNITED STATES of America**

v.

**Webster PAIGE.**

**Misc. Civ. No. 63-7-W.**

United States District Court
D. Massachusetts.

Feb. 11, 1963.

W. Arthur Garrity, Jr., U. S. Atty., William Koen, Asst. U. S. Atty., for plaintiff.

Webster Paige, New York City, for defendant.

WYZANSKI, District Judge.

This case comes before me on what Webster Paige calls a "motion to vacate and set aside the sentence and judgment entered by clerk on October 24, 1960 pursuant to the provisions of Title 28, U.S.Code, Section 2255."

The motion indicates that while signed only by Webster Paige it purports to present similar claims on behalf of himself and his wife Dorothy Paige. The claim is that *"inspection of the record in cause No. 60–101–F, on file with the clerk of this Honorable Court will reveal that no adjudication of guilt has yet been entered. Moreover, a transcript of the proceedings had on October 24, 1960 will reveal (PP–11 and 12) that the Court has not imposed a sentence upon either defendant. A fortiori, the clerk of the Court (mr. Jones) ostensibly imposed sentence."*

In accordance with the request in the motion, I have inspected the record in this case. The transcript shows that on October 24, 1960 Judge Ford and Mr. Jones spoke as follows:

"The COURT. I think, Mr. DiMento, that Congress was very right in telling the courts that sentences in dope cases, to shorten it up, should be mandatory. I think Congress was eminently right with respect to that. I have always thought, as I told you, I think, privately, that I think dope peddlers are potential murderers. That's as I regard them. And the only defense that society has with respect to narcotic peddlers is to take them out of circulation for a period consistent with the facts that are embraced in the particular case. Mr. Jones, impose the sentence. Ten years and one dollar, and five years and one dollar on the female defendant.

"The CLERK. Webster Paige, hearken to your sentence as the Court has awarded it against you. The Court orders that you be imprisoned for a term of ten years and that you pay a fine of one dollar and commits you the custody of the tive until · this sentence be per- Attorney General of the United States or his authorized representative until this sentence be performed. Mr. Marshal, the prisoner is now in your custody under sentence of this Court.

"Dorothy Paige, hearken to your sentence as the Court has awarded it against you. The Court orders that you be imprisoned for a term of five years and that you pay a fine of one dollar and commits you to the custody of the Attorney General of the United States or his authorized representative until your sentence be performed. Mr. Marshal, the prisoner is now in your custody under sentence of the Court."

On the same day Judge Ford personally signed two judgments and commitments on the standard printed forms. With respect to Webster Paige, Judge Ford ordered:

"IT IS ADJUDGED that the defendant is guilty as charged and convicted.

"IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of TEN YEARS, and to pay a fine of $1.00."

With respect to Dorothy Paige, Judge Ford ordered:

"IT IS ADJUDGED that the defendant is guilty as charged and convicted.

"IT IS ADJUDGED that the defendant is hereby committed to the

custody of the Attorney General or his authorized representative for imprisonment for a period of FIVE YEARS (5) and to pay a fine of $1.00."

Having examined the file, I conclude that there is no merit to the motion now before the Court. Perhaps it would have been more accurate for Judge Ford to have said to the deputy clerk, "Mr. Jones, recite the sentence" rather than "Mr. Jones, impose the sentence." But whatever may have been the appropriate verb in that particular portion of the transcript, the transcript as a whole makes it clear that Judge Ford himself imposed the sentence. And the transcript is buttressed by the two judgments typewritten on the printed form and signed by Judge Ford.

Motion denied.